UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONA KENDRICKS HARVEY,

       Plaintiff,

v.                                            Case No. 10-12246
                                            Honorable Patrick J. Duggan

AMERIQUEST MORTGAGE COMPANY,
and ARGENT MORTGAGE COMPANY, LLC,

       Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 29, 2010.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

Plaintiff Dona Kendricks Harvey ("Plaintiff") filed this *pro se* action against Defendants Ameriquest Mortgage Company ("Ameriquest") and Argent Mortgage Company LLC ("Argent") (collectively "Defendants") alleging violations of federal and state law in connection with her procurement of a mortgage to finance the purchase of a home in Southfield, Michigan ("Property"). Presently before the Court is Defendants' motion for judgment on the pleadings, filed pursuant to Federal Rule of Civil Procedure 12(c) on September 15, 2010. The motion has been fully briefed. On October 28, 2010, this Court issued a notice informing the parties that it is dispensing with oral argument with respect to the motion pursuant to Eastern District of Michigan Local Rule 7.1(f).

For the reasons set forth herein, the Court grants the motion.

## I. Standard for Motion to Dismiss

"Motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) are analyzed under the same de novo standard as motions to dismiss pursuant to Rule 12(b)(6)." *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008) (citation omitted). A Rule 12(b)(6) motion tests whether a legally sufficient claim has been pleaded in a complaint, and provides for dismissal when a plaintiff fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, – U.S. – , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570, 127 S. Ct. 1955, 1974 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). This plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

When assessing whether a plaintiff has set forth a "plausible" claim, the district court must accept all of the complaint's factual allegations as true. *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). Even so, "the pleading must contain more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

cognizable right of action." *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. at 1965. A plaintiff has the duty to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Id.* Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, – U.S. – , 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965).

Compared to formal pleadings drafted by lawyers, a generally less stringent standard is applied when construing the allegations pleaded in a pro se complaint. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972). Even so, pro se plaintiffs must still provide more than bare assertions of legal conclusions. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

## II. Factual and Procedural Background

Although scant on facts, Plaintiff's complaint reflects that she purchased the Property, which is located at 19974 Greenwald Drive, Southfield, Michigan, on February 18, 2005. (Compl. ¶ 6.) Pursuant to the purchase, Plaintiff obtained a loan from Argent in the amount of $183,000 which was secured by a mortgage on the property. (*Id*.) The loan documents attached to Plaintiff's complaint reflect that it was an adjustable rate mortgage with an initial interest rate of 7.4%. (Compl. Ex. A.) The Adjustable Rate Rider attached to the Note provides for a possible adjustment to the interest rate every six months of 6.000% above the Current Index. (*Id.* "Adjustable Rate Rider" ¶¶ A, C.)

Plaintiff alleges in her complaint that "the first adjustable increase of interest would have [her] paying an interest rate of approximately 12.78%" and that the maximum she could be charged was 15.78%. (Compl. ¶ 18.) In fact, the Adjustable Rate Rider provides that Plaintiff's interest rate would never be greater than 13.4000%. (*Id*. Adjustable Rate Rider ¶ D.)

Plaintiff alleges that she did not qualify for the loan and the increase in the interest rate "immediately rendered [her] unable to make her monthly payments based on her earnings and credit ratings." (Compl. ¶ 7.) Plaintiff ultimately defaulted on the loan and "Ameriquest accelerated Plaintiff's mortgage note to $1,974.06, which Plaintiff is unable to pay." (*Id*. ¶ 26.) Plaintiff therefore filed this lawsuit on June 8, 2010, in which she alleges generally in a first count titled "Violation of Truth in Lending Act":

> 9. . . . the actions of Defendants in this matter constitute "predatory" lending tactics used against a totally unsophisticated borrower, who was totally unaware of the probability that she would not be able to pay the increases in the rates; and would lose her home."
>
> 10. . . . the actions and tactics of the Defendants was totally advantageous to themselves and completely against the interest and expectations of the Plaintiff, in obtaining a mortgage.

(Compl. ¶¶ 9, 10.) Plaintiff sets forth a second count entitled "Predatory Sub Prime Lending" in which she contends that Defendants engaged in "predatory" or "abusive" sub prime lending. In her complaint, Plaintiff mentions the following: "predatory lending"; Michigan's usury statute, Michigan Compiled Law § 438.31; and the federal Truth in Lending Act ("TILA"), the Home Ownership and Equity Protection Act ("HOEPA"), the

4

Community Reinvestment Act, and Real Estate Settlement Procedures Act ("RESPA").

## III. Applicable Law and Analysis

Defendants move to dismiss Plaintiff's complaint, arguing that she lacks standing under the federal Community Reinvestment Act ("CRA"), is time-barred from pursuing any claims under TILA, HOEPA, or RESPA, and fails to state a claim upon which relief may granted for any of her claims.

### A. CRA

The CRA states as its purpose:

> . . . to require each appropriate Federal financial supervisory agency to use its authority when examining financial institutions, to encourage such institutions to help meet the credit needs of the local communities in which they are chartered consistent with the safe and sound operation of such institutions.

12 U.S.C. § 2901(b). Courts that have considered this statute have held that it does not provide for a private cause of action. *See Powell v. Am. Gen. Fin., Inc.*, 310 F. Supp. 2d 481, 486 (N.D.N.Y. 2004) (citing *Lee v. Bd. of Governors of the Fed. Reserve Sys.*, 118 F.3d 905, 913 (2d Cir. 1997); *Hicks v. Resolution Trust Corp.*, 119 F.3d 378, 382 (7th Cir. 1992). Plaintiff therefore lacks standing to pursue a claim under the CRA and the claim must be dismissed.

### B. TILA, RESPA, and HOEPA

Plaintiff fails to identify the specific provisions of these statutes she claims Defendants violated. Nevertheless, a one- or three-year limitations period applies regardless of the provisions on which she relies. Under RESPA, an action must be

brought "within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation."  12 U.S.C. § 2614.  Claims for damages under TILA or HOEPA must be brought "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  There is a three-year limitations provision applicable to claims for rescission; however, the right of rescission does not apply to a "residential mortgage transaction," which is defined as a "transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling."  15 U.S.C. §§ 1635, 1602(w).

In this case, the alleged violation occurred on February 18, 2005, when Plaintiff entered into the loan agreement with Argent.  *See Boursiquot v. Citibank, F.S.B.*, 323 F. Supp. 2d 350, 353 (D. Conn. 2004) (citing *Cardiello v. Money Store, Inc.*, No. 00-CIV-7332, 2001 WL 604007 (S.D.N.Y. June 1, 2001)) ("It is well settled that the 'occurrence of the violation' means the date the plaintiff enters the loan agreement or, in the alternative, when the defendant performs by transmitting the loan funds to the plaintiffs.") Plaintiff did not file her complaint in this action until June 8, 2010.  Her claims under HOEPA, TILA, and RESPA therefore are time-barred.

In response to Defendants' motion, Plaintiff asserts that the statute of limitations should be tolled.  Under the doctrine of fraudulent concealment, the statute of limitations may be equitably tolled where the plaintiff establishes: "1) defendants concealed the

6

conduct that constitutes the cause of action; 2) defendants' concealment prevented plaintiffs from discovering the cause of action within the limitations period; and 3) until discovery, plaintiffs exercised due diligence in trying to find out about the cause of action." *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 422 (6th Cir. 2009). Where the doctrine applies, "the one year period will begin to run when the borrower discovers or had reasonable opportunity to discover the fraud involving the complained of TILA violation." *Jones v. TransOhio Savings Ass'n*, 747 F.2d 1037, 1041 (6th Cir. 1984). "'The Federal Rules of Civil Procedure . . . require that the acts constituting fraudulent concealment of a claim be pled in the complaint.'" *Yaldu v. Bank of Am. Corp.*, 700 F. Supp. 2d 832, 841 (E.D. Mich. 2010) (quoting *Evans v. Pearson Enters., Inc.*, 434 F.3d 839, 851 (6th Cir. 2006)). "Such facts must be pleaded with particularity under [Federal Rule of Civil Procedure] 9(b)." *Id.*

Plaintiff fails to set forth facts in her response briefs or complaint to find fraudulent concealment in this case. In fact, the loan documents attached to her complaint clearly set forth the information (i.e. the adjustable nature of her mortgage) which is the basis for Defendants' alleged violations and the Court must presume that Plaintiff read those documents before agreeing to the loan. Therefore, this Court concludes that the limitations periods are not equitably tolled.

### C. Michigan's Usury Statute

Michigan Compiled Law § 483.31 bars lenders from charging interest in excess of seven percent per year. The statute, however, does not apply to, among other things, "the

rate of interest on any note . . . issued by any . . . person, the issue and rate of interest of which . . . is regulated by any other law of [Michigan], or of the United States . . ." *Id.* "[T]he statute explicitly excludes loans secured by a first lien on real property by a lender whose business activities are regulated by a state or federal agency where the parties agree in writing on a certain rate of interest." *Yaldu*, 700 F. Supp. 2d at 846 (citing Michigan Comp. Law § 438.31c(2)). The Michigan Court of Appeals has concluded that, as long as a lender is regulated by the state or a federal agency and the primary security for the loan is a first lien against real property, the parties are free to negotiate any interest rate up to twenty-five percent, the criminal usury rate. *Id.* (citing *Nelson v. Assocs. Fin. Servs. Co. of Indiana*, 253 Mich. App. 580, 591, 659 N.W.2d 635, 641-42 (2002)).

Plaintiff therefore cannot state a claim upon which relief may be granted under Michigan's usury statute.

### D. "Predatory Lending"

In her complaint, Plaintiff alleges that Defendants engaged in "predatory lending" or "predatory sub prime lending." Recent federal cases discussing Michigan law, however, have concluded that no such cause of action exists in Michigan. *See Yaldu*, 700 F. Supp. 2d at 847 (citing cases). This claim therefore is subject to dismissal as well.

## IV. Conclusion

For the reasons set forth above, this Court concludes that Plaintiff lacks standing to assert a claim under the CRA, is time-barred from pursuing claims under HOEPA, TILA, or RESPA, and fails to state a predatory lending claim or claim under Michigan's usury

statute on which relief may be granted.

Accordingly,

**IT IS ORDERED**, that Defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is **GRANTED**.

<u>s/PATRICK J. DUGGAN</u>
UNITED STATES DISTRICT JUDGE

Copies to:
Dona Kendricks Harvey
19974 Greenwald Drive
Southfield, MI 48075

Matthew R. Rechtien, Esq.
David Breuch, Esq.